WILLIAM R. TAMAYO, SBN 084965
DAVID F. OFFEN-BROWN, SBN 063321
DANA C. JOHNSON, SBN 187341
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone: (415) 625-5697
Facsimile: (415) 625-5657
E-mail: dana.johnson@eeoc.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br> v. <br><br> FISHER NUT COMPANY <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **Civil Rights - Employment Discrimination** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT AND JURY DEMAND

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct the unlawful employment practice of retaliation and to provide appropriate relief to Charging Parties Julia Avalos, Nancy Rodriguez, Juana Martinez, Nancy Gamboa, Graciela Quintero, Dora Valdez, and Rosa Rico ("Charging Parties") and similarly situated claimants whom Defendant Fisher Nut Company ("Defendant" or "Fisher Nut") retaliated against for engaging in protected participation activity in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed in Modesto, Stanislaus County, California, within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. Defendant is a California company, doing business in the State of California, in the County of Stanislaus, and has continuously had at least 15 employees.

5. Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges with the Commission, alleging violations of Title VII by Defendant. All conditions precedent

COMPLAINT AND JURY DEMAND                              1

to the institution of this lawsuit have been fulfilled.

7.  On about May 9, 2008, the San Jose Area Office of the U.S. Equal Employment Opportunity Commission received an anonymous charge of discrimination and about twenty questionnaires completed by some Charging Parties and others of Defendant's employees supporting the anonymous charge. Beginning in mid- to late-May 2008, Defendant engaged in the unlawful practice of retaliation against Charging Parties and similarly situated employees who had completed the questionnaires, or whom Defendant believed had completed the questionnaires, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). Each Charging Party and similarly situated claimant was subjected to at least one of the following retaliatory adverse employment actions: demotion, hyper-scrutiny of work, prohibition against talking or laughing with coworkers, transfer to the least desirable production area, *i.e.* almond sorting, discharge and denial of re-hire.

8.  The effect of the practices complained of in Paragraph 8, above, has been to deprive the Charging Parties and similarly situated claimants of equal employment opportunities and otherwise adversely affect their status as employees because they participated, or Defendant believed they participated, in proceedings protected under Title VII.

9.  The unlawful employment practices complained of in Paragraph 8, above, were intentional.

10. The unlawful employment practices complained of in Paragraph 8, above, were done with malice or reckless indifference to the Charging Parties' and similarly situated claimants' federally protected rights.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, employees and all persons acting in concert or participation with it from engaging in retaliation against its employees.

B.  Order Defendant to institute and carry out policies, practices, and programs which prohibit retaliation and which eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make whole Charging Parties and similarly situated claimants by

COMPLAINT AND JURY DEMAND

2

1 providing appropriate back pay and benefits with prejudgment interest in amounts to be determined at
2 trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful
3 employment practices, including but not limited to reinstatement and/or front pay.

4     D.    Order Defendant to make whole Charging Parties and similarly situated claimants by
5 providing compensation for past and future pecuniary losses resulting from the unlawful employment
6 practices complained of above, including but not limited to such out-of-pocket expenses necessitated
7 by Defendant's unlawful conduct, in amounts to be determined at trial.

8     E.    Order Defendant to make whole Charging Parties and similarly situated claimants by
9 providing compensation for past and future non-pecuniary losses resulting from the unlawful practices
10 complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of
11 enjoyment of life and humiliation, in amounts to be determined at trial.

12     F.    Order Defendant to pay Charging Parties and similarly situated claimants punitive
13 damages for Defendant's malicious or reckless conduct described above, in amounts to be determined
14 at trial.

15     G.    Grant such further relief as the Court may deem just and proper in the public interest.
16     H.    Award the Commission its costs in this action.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

COMPLAINT AND JURY DEMAND     3

DEMAND FOR JURY TRIAL

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Date: 9/29/2010

_____
WILLIAM R. TAMAYO
Regional Attorney

Date: 9/29/10

_____
DAVID F. OFFEN-BROWN
Supervisory Trial Attorney

Date: 9/29/2010

_____
DANA C. JOHNSON
Senior Trial Attorney

Attorneys for Plaintiff
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

COMPLAINT AND JURY DEMAND                4