WILLIAM R. TAMAYO, SBN 084965
DAVID F. OFFEN-BROWN, SBN 063321
EVANGELINA FIERRO HERNANDEZ, SBN 168879
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone: (415) 625-5697
Facsimile: (415) 625-5657
E-mail: evangelina.hernandez@eeoc.gov

Attorneys for Plaintiff

GARY R. SINISCALCO (STATE BAR NO. 64770)
grsiniscalco@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

LAURI A. DAMRELL (STATE BAR NO. 241010)
ldamrell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95864
Telephone:     (916) 329-7914
Facsimile:      (916) 329-4900

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FISHER NUT COMPANY, <br><br> Defendant. | Case No. 1:10-CV-01794-LJO-SKO <br><br><br> **CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of retaliation and to make whole Julia Avalos (Charge No. 556-2008-00637), Juana Martinez (Charge No. 556-2008-00639), Nancy Rodriguez (Charge No. 556-2008-00641), Nancy Gamboa (Charge No. 556-2008-00648), Graciela Quintero (Charge No.556-2008-00649), Dora Valdez (Charge No. 556-2008-00687) and Rosa Rico (Charge No. 556-2008-00772) (collectively the "Charging Parties"), and other similarly situated female employees ("Claimants") aggrieved by the alleged unlawful practices. Plaintiff EEOC alleged that defendant Fisher Nut Company ("the Company") unlawfully subjected the Charging Parties and others to retaliation. Defendant denied all the allegations.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission and the Company (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication or a finding on the merits of the Lawsuit.

This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Decree.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

I.      **GENERAL PROVISIONS**

1.      This Court has jurisdiction over the subject matter and the Parties to this lawsuit. This court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

2.      This Consent Decree resolves all claims that were made or could have been made by the Commission on behalf of the Charging Parties and Claimants based upon their charges of discrimination referenced above, and the Commission's complaint in this action.  This Consent Decree does not, however, resolve any future charges of Charging Parties or Claimants.  This Consent Decree is final and binding upon the Parties, their successors and assigns.

3.      This Decree shall become effective upon its entry by the Court.

4.      The Parties to this Decree shall each be responsible for their own costs and attorneys' fees.

II.     **GENERAL INJUNCTIVE RELIEF**

5.      ***Retaliation***: Defendant Fisher Nut Company is enjoined from retaliating against any current or former employee of the Company in connection with this lawsuit because he or she has in the past (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination giving rise to this lawsuit; (c) testified or participated in any manner in any investigation into claims of discrimination or retaliation (including, without limitation, any internal investigation undertaken by the Company), or proceeding or hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit or supported the claims of the Charging Parties; (e) asserted any rights under this Decree; or (f) sought and/or received any monetary or non-monetary relief in accordance with this Decree.

///

///

### III.   MONETARY RELIEF

6.      EEOC has asserted that the Charging Parties and Claimants have suffered damages, including emotional distress in connection with the alleged unlawful conduct.  Within thirty (30) business days after entry of this Decree, the Company agrees to make payments to the Charging Parties and Claimants totaling $150,000.00 as determined by the EEOC as set forth in Paragraph 7.  The EEOC will submit a list of Charging Parties, amounts allocated and addresses within 10 days of the entry of the Consent Decree.

7.      The Settlement Payments will be sent via overnight mail and will be paid in separate payments to each of the Charging Parties and Claimants ("Settlement Checks").

8.      As directed by the Commission, the Settlement Payments will not be subject to payroll deductions or withholdings.  The Company will issue a Form 1099 to each of the Claimants and Charging Parties for the amounts paid in their Settlement Checks.

9.      The Company takes no position whatsoever as to the nature and characterization of the Settlement Payments or the alleged damages of the Charging Parties and Claimants.

10.     At the time that the Company sends the Settlement Payments to the Claimants and Charging Parties, it shall provide a copy of the checks to Evangelina Fierro Hernandez, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260.

### IV.   SPECIFIC INJUNCTIVE RELIEF

11.     **Anti-Retaliation Policies and Internal Complaint Procedures.**
The Company has a retaliation, complaint and investigation policy which is compliant with applicable law.  The Company agrees to continue to maintain it or any similarly compliant policy as required by applicable law.

12.     The Company shall effectively disseminate its policy by distributing copies to all current FNC employees with their next paycheck after this Decree is approved by the Court.

13.     **Training of Employees.**

The Company shall provide and require all Company managers and supervisors to attend a training program on EEO compliance within 60 business days after the Consent Decree is approved by the Court.  The purpose of said training shall be to give participants an understanding or refresher of EEO obligations and compliance, including but not limited to what constitutes retaliation, sources of legal protection for retaliation victims, taking preventive, investigative and remedial action with respect to retaliation complaints, and to review company policies (including discipline policies) and practices related to retaliation.

14.     **Acknowledgment of Training Attendance.**

All persons attending mandatory anti-retaliation training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the company.  The Company shall retain the originals of these acknowledgments and provide the EEOC with a copy thereof.

15.     **Expungement of Records and Disclosure of Information Regarding the Charging Parties and Claimants' Employment**

a.     The Company shall not disclose any information concerning or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about the Charging Parties and identified Claimants.  In response to a specific inquiry, the Company may disclose dates of employment, position held and final rate of pay.  The Company shall explain that it is its policy to provide only the identified information in response to reference requests.  The Company may report any information as required to state or federal authorities.  The Company may also disclose information as required by Court order or subpoena.

b.      The Company shall expunge from the Charging Parties' and the identified

Claimants' personnel file any references to a charge of discrimination against the

Company and this lawsuit.

16.      **Report to the Commission**

a.      Training Report:

Within thirty (30) days of completion of the training required by this Consent Decree, the

Company will send the EEOC verification of its completion of training.

b.      Retaliation Complaint Reports:

Within ninety (90) days after entry of this Decree, the Company will mail to counsel for the

Commission a report containing the following information and documentation:

i.      Copies of all employee retaliation complaints, other than the employee

complaints that are the subject of this Lawsuit, and a statement regarding the result

of the investigation of each complaint.  Additionally, the Company will identify

the name, address and telephone number of the complainant and identify the

person who received the complaint.  A copy of all records, documents and other

writings relevant to such complaints and investigations shall be maintained by the

Company during the period of the Consent Decree and will be made available to

the Commission within ten (10) business days following a written request from the

Commission.

ii.      On the fifth day of January and June of each year during the duration of

this Consent Decree, the Company will mail to counsel for the Commission a

report containing the above documentation and information.

/ / /

/ / /

## V.     RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

17.     This Consent Decree shall terminate at the later of Notice training to the EEOC or one (1) year from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of noncompliance by the Company.  If the Commission determines that the Company has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to the Company and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification.  The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If the Commission petitions the Court and the Court finds the Company to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree

18.     **Termination of This Decree**

The Company will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that the Company has failed to comply with any of the terms of this Decree.  This Consent Decree will therefore automatically expire without further Court Order.

Dated: April 26, 2011.

Orrick, Herrington & Sutcliffe LLP


/s/ Lauri A. Damrell

Attorneys for Defendant

1   Dated: May 6, 2011.

2                                         U.S. Equal Employment Opportunity Commission

                                          /s/ William R. Tamayo
3
                                          _____
4                                               Attorneys for Plaintiff

5   Dated: May 6, 2011.

6                                         U.S. Equal Employment Opportunity Commission

                                          /s/ David Offen-Brown
7
                                          _____
8                                               Attorneys for Plaintiff

9
    Dated: May 6, 2011.
10                                        U.S. Equal Employment Opportunity Commission

11                                        /s/ Evangelina Fierro Hernandez
                                          _____
12                                              Attorneys for Plaintiff

13

14

15                                        **ORDER**

16

17

18          **This Court ENTERS into this Consent Decree and DIRECTS the clerk to close this**

19   **action.**

20

21   IT IS SO ORDERED.

22
        Dated:  __**May 6, 2011**__                    _____**/s/ Lawrence J. O'Neill**
23                                                      UNITED STATES DISTRICT JUDGE

24

25

26

27

28